IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA BRAUTIGAM, as Administratrix of the ESTATE of CURTIS BRAUTIGAM (DECEASED); LINDA BRAUTIGAM, Individually; AVICHAI BRAUTIGAM, a Minor by and through his Mother and Natural Guardian, Linda Brautigam; ASHER BRAUTIGAM, a Minor by and through his Mother and Natural Guardian, Linda Brautigam; and ARIEH BRAUTIGAM, a Minor by and through his Mother and Natural Guardian, Linda Brautigam, <br><br>**Plaintiffs** <br><br>v. <br><br>**WILLIAM FRALEY and KIRK PERKINS,** <br><br>**Defendants** | CIVIL ACTION <br><br> No.: 1:09-CV-1723 <br><br> (Judge Sylvia H. Rambo) |

# **M E M O R A N D U M**

This is a civil rights case brought by Plaintiff Linda Brautigam on her own behalf, on behalf of the estate of her deceased husband, and on behalf of her minor children. Plaintiffs' claims were brought pursuant to 42 U.S.C. § 1983, the Pennsylvania State Constitution, the Pennsylvania Wrongful Death Act, 42 Pa. Cons. Stat. Ann. § 8301 *et seq.*, and the Pennsylvania Survival Act, 42 Pa. Cons. Stat. Ann. § 8302 *et seq.* All of Plaintiffs claims stem from a common nucleus of operative facts, as described more fully below.

Before the court are motions by the Defendants William Fraley and Kirk Perkins. Both Defendants argue that all of the state law claims must be

dismissed because they are entitled to statutory sovereign immunity as to these claims. (Docs. 14, 17). For the reasons set forth below, the court finds that Defendants are entitled to statutory immunity pursuant to 1 Pa. Cons. Stat. Ann. § 2310 as to Plaintiffs' state law claims.

I.     **Background**

   A.     **Facts**

The following facts are taken directly from Plaintiffs' Amended Complaint. On or about March 14, 2008, Curtis Brautigam, suffering from bacterial meningitis, collapsed on the floor of his bedroom at his home in Shippensburg, Pennsylvania. (Doc. 5, Amend. Compl. ¶ 10.) At the time, he was responsible for overseeing his children while his wife was on vacation. (*Id.*) When Linda Brautigam left for vacation her husband was not ill. (*Id.*)

At approximately 5:00 p.m. that day, Annette Feie called 911 after she discovered Plaintiff Arieh Brautigam, a minor, walking in Southampton Township, Cumberland County, approximately three miles from his home. (*Id.*, ¶ 11.) Defendant Kirk Perkins, a trooper with the Pennsylvania State Police, responded to the emergency call, and was told by Arieh Brautigam that his mother was out of the country on a trip and that his father, Curtis Brautigam had become blind, was urinating on himself, and that something was wrong at home. (*Id.*, ¶ 12.) Defendant Perkins drove Arieh Brautigam back to his home, entered the Plaintiffs' residence and discovered Avichai and Asher Brautigam, both minors, unattended by a parent or guardian in the living room watching television. (*Id.*, ¶ 13.) Defendant Perkins then entered Curtis Brautigam's bedroom and discovered him lying face down on

the floor; Perkins called out to Curtis Brautigam, who raised his head up from the floor, moaned and then collapsed back onto the floor again. (*Id.*, ¶ 14.)

Defendant Perkins left Curtis Brautigam incapacitated on the floor of his bedroom, and returned to the living room where the three minor children were watching television. (*Id.*, ¶ 15.) Defendant Perkins asked the children if they needed anything, and after receiving a negative response, he left the house. (*Id.*) Defendant Perkins did not seek medical attention for Curtis Brautigam. (*Id.*)

The next morning, March 15, 2008, after the three minor children could not awaken their father, Arieh Brautigam called 911 for emergency assistance. (*Id.*, ¶ 17.) Curtis Brautigam was taken to the Chambersburg Hospital where he died on March 17, 2008, from complications associated with bacterial meningitis. (*Id.*, ¶¶ 17-18.) Plaintiffs allege that Curtis Brautigham would not have died had Defendant Perkins sought medical help for him on March 14, 2008. (*Id.*, ¶ 29.) Plaintiffs further allege that had Defendant William R. Fraley, a Captain of the Pennsylvania State Police, provided proper instruction and training to the police officers under his supervision, including Defendant Perkins, Curtis Brautigam would not have been deprived of access to prompt medical care and treatment.

### B. Procedural History

Plaintiffs filed their original complaint on September 4, 2009, (Doc. 1), and an Amended Complaint on October 7, 2009, (Doc. 5). Defendant Fraley filed an Answer with affirmative defenses on October 14, 2009. (Doc. 12.) On October 30, 2009, Defendant Fraley filed a motion for partial judgment on the pleadings, (Doc. 14), and a brief in support on November 2, 2009, (Doc. 15). In his motion, Defendant Fraley asserts that Plaintiffs fail to state a claim upon which relief can be

granted as to their state claims—Counts V, IX, X, and XI—because he is entitled to statutory sovereign immunity. Plaintiffs filed their brief in opposition to Defendant Fraley's motion on November 11, 2009. (Doc. 16.) A reply brief was filed on November 16, 2009. (Doc. 21.)

On November 12, 2009, Defendant Perkins filed a motion to dismiss Counts IV, V, VII, VIII, and XI of Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted and brief in support. (Docs. 17-18.) These counts are Plaintiffs' state law claims against Defendant Perkins. The basis of Defendant Perkins' motion is the same as Defendant Fraley's, namely, that Defendant Perkins is entitled to statutory sovereign immunity. Plaintiffs filed a brief in opposition on November 24, 2009. (Doc. 24.) A reply brief was filed on November 25, 2009. (Doc. 25.)

**II.** **Legal Standard**

Under Federal Rule of Civil Procedure 12(c), once the pleadings are closed a party may move for judgment on the pleadings "within such time as to not delay the trial." Fed. R. Civ. P. 12(c).[1] The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Federal Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted). The only notable difference between these two standards is that

---

[1]Federal Rule of Civil Procedure 12(c) provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

4

the court, for a motion on the pleadings, reviews not only the complaint but also the answer and written instruments attached to the pleadings. 2 MOORE'S FEDERAL PRACTICE CIVIL § 12.38 (2004). Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." *Christy v. We The People Forms & Serv. Ctrs.*, 213 F.R.D. 235, 238 (D.N.J. 2003); *see Smith v. City of Philadelphia,* 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004) ("A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") (citing *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995)). Accordingly, the court will apply the 12(b)(6) standard to both Defendants' motions.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Phillips*, 515 F.3d 224, 233 (3d Cir. 2008). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.     Discussion

Defendants' motions seek identical relief: the dismissal of Plaintiffs' state law claims—Counts IV, V, VII, VIII, IX, X, XI—in their entirety based on the statutory sovereign immunity provided in 1 Pa. Cons. Stat. § 2310.

The Pennsylvania General Assembly, after the judicial abolition of sovereign immunity by the Pennsylvania Supreme Court in *Mayle v. Pa. Dep't of Highways,* 388 A.2d 709 (Pa. 1978), reaffirmed by statute the concept of immunity for the Commonwealth and its employees. The statute reads:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, *and its officials and employees acting within the scope of their duties*, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa. Cons. Stat. Ann. § 2310 (emphasis added).

According to the clear language of the statute, not only the Commonwealth, but also its employees and officials are entitled to immunity. "In other words, if the Commonwealth is entitled to sovereign immunity under Act 152, then its officials and employees acting within the scope of their duties are likewise immune." *Moore v. Commonwealth,* 538 A.2d 111, 115 (Pa. Commw. 1988).

The Pennsylvania General Assembly has provided nine specific exceptions to the general grant of immunity: (1) the operation of a motor vehicle in the control or possession of a Commonwealth party; (2) health care employees; (3) care, custody or control of personal property; (4) Commonwealth-owned property; (5) potholes or other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa. Cons. Stat. Ann. § 8522.

[T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to 1 Pa. Cons. Stat. Ann. § 2310 and 42 Pa. Cons. Stat. Ann. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity. *See La Frankie v. Miklich,* 618 A.2d 1145, 1149 (Pa. Commw. 1992).

Here, Defendants, as state police officers, are employees of the state and, at all relevant times, were acting within the scope of their duties as state police officers. In fact, Plaintiffs' Amended Complaint is premised on the fact that Defendants abdicated their duties as state police officers while acting within the

scope of their employment.  (*See* Doc. 5, Amend. Compl., ¶¶ 8-9.)  Moreover, immunity has been previously upheld for Commonwealth law enforcement officers by this court as well as by the courts of the state.  *See e.g., Shoop v. Dauphin County*, 766 F. Supp. 1327, 1333 -1334 (M.D. Pa. 1991) (Rambo, J.) (finding that state police officers had immunity pursuant to 1 Pa. Cons. Stat. Ann. § 2310); *Borosky v. Commonwealth,* 406 A.2d 256 (Pa. Commw. 1979) (immunity upheld against claim versus Commonwealth for alleged false arrest by state troopers).  Moreover, none of the § 8522 exceptions applies to the circumstances described in the Amended Complaint.

In their briefs in opposition to Defendants' motions, Plaintiffs appear to misapprehend the immunity being sought.  Plaintiffs spend a great deal of time discussing whether the Eleventh Amendment to the United States Constitution bars their pendent state law claims; however, Defendants' argument is not premised upon the Eleventh Amendment, but rather the Commonwealth's grant of statutory immunity to its employees for suits arising out of claims while those employees were acting within the scope of their duties.

Plaintiffs similarly miss the point by arguing that their state law claims should proceed because Defendants were sued in their individual capacities.  However, "[s]overeign immunity . . . applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting with the scope of their duties.'"  *Larsen v. State Employees' Ret. Sys.,* 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (Jones, J.) (quoting *Maute v. Frank,* 657 A.2d 985, 986 (Pa. Super. Ct. 1995)).  Conduct of an employee is within the scope of employment if "'it is of a kind and nature that the employee is employed to perform; [and] it occurs

substantially within the authorized time and space limits. . . .'" *Id.* (quoting *Velykis v. Shannon,* No. 1:06-cv-0124, 2006 WL 3098025, at *3-4 (M.D. Pa. Oct. 30, 2006) (Caldwell, J.)). Based on the allegations contained in the complaint, it is clear that Defendants were acting within the scope of their duties. (Doc. 5, Amend. Compl., ¶¶ 8-9.)

Plaintiffs also mistakenly argue that the immunity provided by 1 Pa. Cons. Stat. Ann. § 2310 is somehow abrogated with respect to individuals whose conduct constitutes a crime, actual fraud, actual malice or willful misconduct. This is incorrect. In *Yakowicz v. McDermott*, 548 A.2d 1330 (Pa. Commw. 1988), the Commonwealth Court of Pennsylvania considered whether, in a defamation action against a state employee, immunity does not apply because of the intentional nature of the tort. The court specifically distinguished the immunity for an employee of the Commonwealth versus the immunity conferred by statute upon the employee of a municipality:

> We note that the immunity defense provided by the General Assembly to local agencies and their employees in [42 Pa. Cons. Stat. Ann. §§ 8541-8564] is lost to local agency employees where their actions which cause injury constitute a "crime, actual fraud, actual malice or willful misconduct." [42 Pa. Cons. Stat. Ann. § 8550]. This would permit a defamation action based on malicious publication to be brought against a local agency employee.... The General Assembly has not included any such abrogation of the immunity provided to Commonwealth agency employees.

*Yakowicz*, 548 A.2d at 1334 n. 5.

Thus, despite the fact that the claims alleged by Plaintiffs might amount to willful misconduct, Defendants are still within the umbrella of immunity provided by 1 Pa. Cons. Stat. Ann. § 2310. Moreover, none of the allegations in Plaintiffs'

9

Amended Complaint place Defendants' actions within any of the nine exceptions to state sovereign immunity. Accordingly, Plaintiffs' state law claims against Defendants—Counts IV, V, VII, VIII, IX, X, XI—are barred by Pennsylvania law.

## IV.       Conclusion

Consistent with the foregoing, the court will grant Defendant William Fraley's motion for partial judgment on the pleadings, (Doc. 14), and Defendant Kirk Perkins' motion to dismiss, (Doc. 17).  An order will follow.

s/Sylvia H. Rambo  
United States District Judge

Dated:  February 4, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA BRAUTIGAM, as Administratrix of the ESTATE of CURTIS BRAUTIGAM (DECEASED); LINDA BRAUTIGAM, Individually; AVICHAI BRAUTIGAM, a Minor by and through his Mother and Natural Guardian, Linda Brautigam; ASHER BRAUTIGAM, a Minor by and through his Mother and Natural Guardian, Linda Brautigam; and ARIEH BRAUTIGAM, a Minor by and through his Mother and Natural Guardian, Linda Brautigam,**<br><br>**Plaintiffs**<br><br>v.<br><br>**WILLIAM FRALEY, and KIRK PERKINS,**<br><br>**Defendants** | CIVIL ACTION<br><br>No.: 1:09-CV-1723<br><br>(Judge Sylvia H. Rambo) |

# O R D E R

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) Defendant William Fraley's Motion for Partial Judgment on the Pleadings, (Doc. 14), is **GRANTED**, and Counts V, IX, X, and XI of Plaintiffs' Amended Complaint are dismissed with prejudice as to Defendant Fraley; and,

(2) Defendant Kirk Perkins' Motion to Dismiss Counts IV, V, VII, VIII, and XI of the Amended Complaint, (Doc. 17), is **GRANTED**, and those counts are dismissed with prejudice at to Defendant Perkins.

(3) A notice scheduling a new case management conference will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: February 4, 2010.